IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CHRIS WATFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:19-CV-974-RAH |
| | ) | |
| HOUSTON COUNTY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**<u>RECOMMENDATION OF THE MAGISTRATE JUDGE</u>**

Plaintiff initiated this 42 U.S.C. § 1983 action challenging conditions at the Houston County Jail.  However, Plaintiff did not file the $350 filing fee and $50 administrative fee applicable when a plaintiff is not proceeding *in forma pauperis* nor did he submit an original affidavit in support of a motion for leave to proceed *in forma pauperis* accompanied by the required documentation from the inmate account clerk at the Houston County Jail regarding the average monthly deposits and average monthly balance in his inmate account for the six month period prior to filing this case.  Thus, the documents filed by Plaintiff failed to provide the court with the information necessary for a determination of whether he should be allowed to proceed without prepayment of fees in this civil action.

Based on the foregoing, the court entered an order requiring Plaintiff to submit an appropriate affidavit in support of a motion for leave to proceed *in forma pauperis* and appropriate financial information from the jail's inmate account clerk or pay the requisite filing/administrative fees.  Doc. 3.  In this order, the court specifically cautioned Plaintiff "that if he fails to comply with this order the Magistrate Judge will recommend that this

case be dismissed." Doc. 3 at 2.  The time for Plaintiff to file a response to this order has expired.

As of the present date, Plaintiff has failed to file the necessary financial information. Absent either pre-payment of the requisite fees or the granting of *in forma pauperis* status, this case cannot proceed before this court. The undersigned therefore concludes that this case is due to be dismissed without prejudice.  *See Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (holding that, generally, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion).  The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure.  *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962).  This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."  *Link*, 370 U.S. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket.").  "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice."  *Mingo*, 864 F.2d at 102.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice for Plaintiff's failure to file necessary financial information as ordered by this court.

On or before **January 27, 2020**, Plaintiff may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the

Magistrate Judge's Recommendation to which he objects. Frivolous, conclusive or general objections will not be considered by the District Court. Plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and legal conclusions set forth in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993)("When the magistrate provides such notice and a party still fails to object to the findings of fact and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 13th day of January, 2020.

/s/ Jerusha T. Adams
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE